

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
P. O. Box 56
Austin 1, Texas

Dear Sir:

Opinion No. O-6218
Re: Under Section 24-A, 3, Article
II, Texas Liquor Control Act,
would it be unlawful to have a
sign advertising whiskey locat-
ed in an area where it is only
legal to sell alcoholic bever-
ages containing not more than
4% of alcohol by weight? And
other related questions.

Your request for an opinion from this department
reads, in part, as follows:

"The LeSare Company, holder of a wholesaler's
Permit in Texas, is maintaining an out-door adver-
tising sign not less than 180 square feet adver-
tising Hill & Hill whiskey in the Oak Cliff Sec-
tion of Dallas, which is wet for beer only.

"The question has been raised that under Sec.
24-A. 3 of Article II of the Texas Liquor Control
Act which reads in part as follows:

"'It shall be unlawful for any person to
erect or maintain any billboard or electric
sign within an area or zone where the sale
of alcoholic beverages is prohibited by law.'

"Under this provision of law, would it be un-
lawful to have a sign advertising whiskey located
in an area where it is only legal to sell alcoholic
beverages containing not more than 4% of alcohol
by weight as in the above question of Oak Cliff?

"Would a similar sign advertising 14% beverages be legal in an area or zone where it is only legal to sell alcoholic beverages containing not more than 4% of alcohol by weight?

"Would a similar sign advertising liquor be legal in an area where it is only legal to sell alcoholic beverages containing not more than 14% of alcohol by volume? Referring to the above section of law, you will note the language is 'where the sale of alcoholic beverages is prohibited by law.'

". . . ."

It is the opinion of this department that the above quoted statute in your request, appearing as Article 667-24A-(3) of Vernon's Annotated Penal Code, is both clear and unambiguous, therefore, not being subject to construction. The term alcoholic beverage used therein is defined in Section 3a of Article 666, V. A. P. C. as follows:

"Sec. 3a. 'Alcoholic Beverage' shall mean alcohol and any beverage containing more than one-half of one percent of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted."

Section 24a-1 of Article 667, V.A.P.C., reads as follows:

"Billboard. The word 'billboard' as used herein shall mean a structure directly attached to the land, or to any house or building, and having one or more spaces used for displaying thereon a sign or advertisement of the alcoholic beverage business of any person engaged in the manufacture, sale or distribution of alcoholic beverages, or for the advertisement of any beverage containing alcohol in excess of one-half of one (1/2 of 1%) per cent by volume, whether or not such structure or sign be illuminated by artificial means. The term 'billboard' shall not be inclusive of any wall or other part of any structure used as a building, fence, screen, front or barrier."

Honorable Bert Ford, Administrator, Page 3

"Electric Sign. The term 'electric sign' as used herein shall mean a structure or device, other than an illuminated billboard, by means of which artificial light created through the application of electricity is utilized for the advertisement of the alcoholic beverage business by any person engaged in the manufacture, sale or distribution of alcoholic beverages, or for the advertisement of any beverage containing alcohol in excess of one-half of one (1/2 of 1%) per cent by volume." (Emphasis added)

In conclusion, it is the opinion of this department that where, as in the Oak Cliff section of Dallas, the sale of beer, an "Alcoholic Beverage", is not prohibited, a sign advertising the sale of whiskey and conforming to all other pertinent sections of the act, is legal.

Trusting that the above satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Eugene Alvie_
Eugene Alvie
Assistant

By _Bob Maddox_
Bob Maddox
Research & Evidence
Assistant

ATTORNEY GENERAL OF TEXAS

BM:mp


APPROVED
OPINION COMMITTEE
BY_____
CHAIRMAN